UNITED STATES DISTRICT COURT
Middle District of Florida
Orlando Division

KELSEY CUGINO,

    Plaintiff,

v.

    Case No. _____

    In Admiralty

CLASSICA CRUISE
OPERATOR LTD. INC.,

    Defendant.

---

## COMPLAINT
## and
## REQUEST FOR JURY TRIAL

**Procedural Background:** This personal-injury action was first filed on May 26, 2025, and assigned case no. 6:25-cv-916-ACC-RMN. That time, the case was filed on the court's "law side," under the court's diversity jurisdiction. The Court dismissed the action without prejudice on June 18, 2025, and directed the Clerk to close the file, after finding that the Plaintiff had not established that his personal-injury claim satisfies the $75,000 jurisdictional threshold of 28 U.S. Code § 1332(a) (Doc. 13).

The Plaintiff refiled the action—under a First Amended Complaint—on October 12, 2025, this time on the court's admiralty side, where there is no amount-in-controversy requirement (Doc. 15). Then, on October 29, 2025, the

Court struck the First Amended Complaint, finding that it had been improperly filed in a closed case, and that the Plaintiff was required to file a new lawsuit (Doc. 19). This is the new lawsuit.

Plaintiff, Kelsey Cugino, sues Defendant, Classica Cruise Operator Ltd. Inc., and alleges:

## A. Case Summary

1. This is a negligence action brought by a cruise-ship passenger against a cruise line after unsafe flooring caused the passenger to slip and fall. In falling, the Plaintiff suffered severe tears in the ligaments and tendons of his right leg, requiring surgical repair followed by a prolonged rehabilitation period.

## B. Subject-Matter Jurisdiction: Admiralty/Maritime

2. The Plaintiff's claim for relief arises out of an accident that occurred on a ship sailing in navigable waters, while the ship was engaged in an activity—pleasure cruising—bearing a substantial relationship to traditional maritime activity, so the Plaintiff's claim falls within the court's admiralty/maritime jurisdiction.

## C. Personal Jurisdiction

3. The Defendant is a corporation headquartered in Florida, and it operates cruise ships out of Florida ports. And the Defendant's ship on which the Plaintiff was injured sailed from Port Tampa Bay. So, in this action the court exercises specific in-personam jurisdiction over the Defendant. And the Defendant, in its ticket contract, has explicitly consented to personal

jurisdiction in this district by inserting a clause requiring actions like this to be brought in this judicial district's Orlando Division.

### D. Venue

4. Because the Defendant is subject to the court's personal jurisdiction with respect to this action, under 28 U.S.C. § 1391(c)(2) the Defendant is deemed for venue purposes to reside in this judicial district. And because the Defendant is deemed for venue purposes to reside in this judicial circuit, venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1). Moreover, in its ticket contract, the Defendant has stipulated that venue is proper here.

### E. One Count of Negligence: Unsafe Step

5. The Defendant, Classica Cruise Operator Ltd. Inc., owns and operates a cruise ship, the *Margaritaville at Sea Islander*, that sailed from Port Tampa Bay, Florida, on April 13, 2025, on a five-night Caribbean cruise.

6. The Plaintiff, Kelsey Cugino, age forty-three, went on that cruise with his family.

7. On or about April 16, 2025, while the ship sailed in navigable waters in the Caribbean, Kelsey Cugino was stepping into one of the ship's swimming pools when he slipped on a step that felt to him as slippery as ice.

8. The step was also loose and wobbly, exacerbating this slipping hazard.

9. After taking a few minutes to recover and catch his breath, Mr. Cugino closely examined the step on which he'd slipped. He saw that this step's friction strip was so old and so worn out that it was worn down to almost nothing and provided no anti-slip benefit whatsoever. In fact, this step felt to his touch as though it was being made more slippery by the remaining elements of the now almost-invisible friction strip. It was plainly obvious to him by examining and touching this step that its friction strip had been deteriorating over a significant period—over weeks or months rather than just days.

10. **Notice/Knowledge:** Classica's knowledge of this dangerously slippery step is established by its having taken corrective action—attaching one-inch-wide friction strips lengthwise across this step and the nearby steps—to alleviate this hazard, for "[e]vidence that a ship owner has taken corrective action can establish notice of a dangerous or defective condition." *Carroll v. Carnival Corp.*, 955 F.3d 1260, 1265 (11th Cir. 2020); *e.g.,* Order on Mot. Dismiss, *Gharaptyan v. Carnival*, No. 1:24-cv-23879-RNS (S.D. Fla. Jan. 22, 2025), ECF No. 24 (holding friction strips on steps established cruise line's notice of dangerousness of steps).

11. **Notice/Knowledge:** Although Classica's knowledge of this dangerously slippery step is established in the preceding paragraph, in addition, Classica's constructive knowledge of the dilapidated condition of the friction strip on this step is established by the fact that the type of deterioration Mr. Cugino saw and felt doesn't happen overnight but takes

weeks or months to develop, certainly long enough that the Defendant, in the exercise of reasonable care, could have and should have seen the friction strip's condition and repaired it.

12. **Duty:** While Kelsey Cugino was on Classica's cruise ship, Classica owed him a duty of reasonable care under the circumstances.

13. **Breach:** Classica breached that duty when it failed to replace the worn and missing friction strips on the surface of the step on which Mr. Cugino slipped, and when it failed to repair the step's looseness.

14. **Causation and Damages:** Classica's breach of its duty caused Kelsey Cugino to slip and fall and tear his right quadriceps, requiring surgical repair by an orthopedic surgeon, followed by a prolonged rehabilitation period. When Mr. Cugino fell, he suffered bodily injury and resulting pain and suffering, permanent scarring and disfigurement, disability, physical impairment, mental anguish, inconvenience, loss of the capacity for the enjoyment of life, expense of hospitalization, and medical and nursing care and treatment. The losses are either permanent or continuing and Mr. Cugino will continue to suffer these losses in the future.

15. All conditions precedent have occurred or been performed.

Therefore, the Plaintiff, Kelsey Cugino, demands judgment against the Defendant, Classica Cruise Operator Ltd. Inc., for money damages, and costs.

### F. Unopposed Request for Jury Trial

By tradition passed down from the English Admiralty court, litigants in admiralty cases aren't usually given jury trials. *E.g.*, Grant Gilmore & Charles L. Black Jr., *The Law of Admiralty* § 1-4 (2d ed. 1975). But nothing prevents courts from granting jury trials in admiralty cases: "[N]either [the Seventh] Amendment nor any other provision of the Constitution forbids [jury trials in admiralty cases]." *Fitzgerald v. U.S. Lines Co.*, 374 U.S. 16, 20 (1963) (allowing seaman a jury trial on both his maintenance-and-cure claim and his Jones Act claim). And in the saving clause of 28 U.S. Code § 1333(1), Congress granted injured passengers the right to bring actions like this in state court, where they would get a jury trial as a matter of right. It is only the forum-selection clause in the Defendant's ticket contract that has deprived the Plaintiff of his right to file this action in state court—where he would get a jury trial. Nevertheless, the Defendant itself has consented in its contract that, "If a matter proceeds under the court's admiralty jurisdiction, then carrier consents to a trial by jury pursuant to Federal Rule of Civil Procedure 39(c)." *Margaritaville at Sea* Ticket Contract § 9(a). So, with this written consent of the Defendant, the Plaintiff respectfully moves the Court under Rule 39(c)(2) to grant the parties a trial by a jury whose verdict will have the same effect as if a jury trial had been a matter of right.

Dated: November 17, 2025.                Respectfully submitted,

/s/Peter G. Walsh, Lead Counsel
Fla. Bar No. 970417
The Cruise Injury Law Firm PA
2915 Biscayne Blvd., Suite 300

Miami, FL 33137
786-877-2411
pwalsh@thecruiseinjurylawfirm.com
Attorney for Plaintiff, Kelsey Cugino